# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-13128-amc |
| Vaneese Marie Walker, | Chapter 13 |
| Debtor. | Response to ECF No. 11 |

**Debtor's Response to the Order to Show Cause Why This Case Should Not Be Dismissed for Failure to Comply with the Credit Counseling Requirement Outlined in 11 U.S.C. § 109(h)(1)**

**AND NOW**, Debtor Vaneese Marie Walker, by and through her attorney, hereby responds to the Order to Show Cause Why This Case Should Not Be Dismissed for Failure to Comply with the Credit Counseling Requirement Outlined in 11 U.S.C. § 109(h)(1), and states as follows:

1. Ms. Walker's Counsel filed the petition on November 22, 2022, erroneously believing that Ms. Walker had completed the credit counseling required by 11 U.S.C. § 109(h). A declaration by Counsel describing the circumstances of this error is attached as Exhibit A.

2. Ms. Walker completed a credit counseling course on November 28, 2022, which was filed with the Court on the same day. ECF No. 10.

3. The credit counseling was not done pre-petition as required by 11 U.S.C. § 109(h), and neither the waiver or the exemption enumerated by 11 U.S.C. §§ 109(h)(3) and 109(h)(4) are applicable.

4. Notwithstanding that, this case should not be dismissed for the following reasons.

5. The bankruptcy code is ambiguous about the consequence of not completing credit counseling pre-petition beyond saying that "an individual may not be a debtor" if they do not complete counseling within 180 days before the case is filed. 11 U.S.C. § 109(h). The code does not provide an explicit and compulsory consequence, like it does in other sections. *See* 11 U.S.C. § 521(i)(1) (mandating that a case is automatically dismissed if a debtor does not file schedules, statements, and related documents within 45 days of filing the petition). The absence of a prescribed consequence implies that a debtor's failure to comply with § 109(h) is curable and does not necessarily require dismissal.

6. Indeed, other courts have allowed cases to proceed where a debtor completed the credit counseling course only after the case was filed. *In re Hess*, 347 B.R. 489, 500 (Bankr. D. Vt. 2006) (allowing a case to move forward where debtor's counsel erroneously filed the petition before the debtor completed the credit counseling course); *In re Manalad*, 360 B.R. 288, 307-08 (B.A.P. 9th Cir. 2007) (allowing a case to move forward where the debtor had a reasonable explanation for failing to take the course pre-petition, the debtor took the course after the case was filed, and the credit counseling agency determined that there was no better alternative); *But see In re Stinnie*, 555 B.R. 530, 536 (Bankr. W.D. Va. 2016) (holding that dismissal is necessary for failure to complete pre-petition credit counseling where the court was not persuaded that dismissal is a manifest injustice).

7. In *Hess*, the court found it was necessary to consider the totality of the circumstances in deciding whether the case should be dismissed, in particular: "(1) whether the debtor filed the case in good faith, (2) whether the debtor took all reasonable steps to comply with the statutory requirements, (3) whether the debtor's failure to comply was the result of circumstances that were both extraordinary and beyond the control of the debtor, (4) whether the debtor's conduct meets the minimum requirements of § 109(h), (5) whether any party would be prejudiced by allowing the case to proceed, and (6) whether there are any unique equitable factors that tip the balance in one direction or the other." *Hess*, 347 B.R. at 498.

8. Applying the *Hess* standard here, the Court should not dismiss this case because (1) this is Ms. Walker's first case; (2) she intended to comply with the credit counseling requirement, but her time to do so was cut short by her counsel filing the case without it; (3) her counsel filing the case was beyond her control; (4) she completed credit counseling within 30 days after the case was filed;[1] (5) because no creditor action was pending when the case was filed, no party has been prejudiced by this case; and (6) Ms. Walker has thus far complied with all other requirements of a debtor under the code.

---

[1] The minimum requirement of § 109(h) allows an individual to be a debtor if they complete credit counseling within 30 days after filing under certain circumstances. *Hess*, 347 B.R. at 499.

2

9. Additionally, Ms. Walker is in substantial compliance with the intent of the law.

10. Congress enacted the credit counseling requirement to slow down the process and prevent individuals from filing for bankruptcy in a snap. *See* H.R. Rep. No. 109-31, at 4 (2005) ("[T]here is a growing perception that bankruptcy relief may be too readily available and is sometimes used as a first resort, rather than a last resort."). The requirement intends to ensure that individuals are educated about bankruptcy and its alternatives so they do not pursue bankruptcy instead of an alternative that would better fit their circumstances. *See Id*. at 2 ("[D]ebtors [must] receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences.").

11. Allowing this case to move forward would not conflict with the intent of Congress. Ms. Walker did not rush into filing this bankruptcy. If Congress thinks a sixty-minute automated course is good enough to prevent someone from making a snap decision, three months of personal deliberation must count for something. She took significant time to consider whether bankruptcy was the right option for her before making the decision to file. Although she took the course post-petition, she is now informed about bankruptcy, its alternatives, and consequences by the means Congress intended, and she still believes that bankruptcy is the best option for her. It is not as if she took the course and learned that there was something else she could have done instead of filing this case.

12. The Court should allow this case to move forward in the interest of judicial economy. If this case is dismissed, Ms. Walker is indisputably eligible to be a debtor in another case now that she has done the credit counseling. Indeed, that is what she intends to do if this case is dismissed. Filing another case could confuse creditors and would frustrate the limited resources of the Court and trustee. If the Court can prevent that, it should do so.

13. Generally, the Court only dismisses a case where there is cause for dismissal that is prejudicial to creditors, like failure to make plan payments or unreasonable delay. But because no creditor action (e.g., sheriff sale, foreclosure, or lawsuit) was known to be pending when this case was filed, no creditors were prejudiced by this case being filed without the credit counseling.

14.     If the Court dismisses a case when no creditors have been prejudiced, that dismissal is a penalty, not a remedy. The Court should not penalize Ms. Walker, who did not act in bad faith and did not abuse the bankruptcy code.

15.     If for no other reason, the Court should not dismiss this case because the mistake was caused by her Counsel, not by her.

**NOW, THEREFORE**, Ms. Walker asks this Court to resolve the Order to Show Cause by declaring that Ms. Walker is in substantial compliance with 11 U.S.C. § 109(h)(1) for the reasons described above, and to grant such other relief in her favor that is necessary and proper under the law.

Date: December 11, 2022

CIBIK LAW, P.C.
*Counsel for Debtor*
  *Vaneese Marie Walker*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com